Curia, per Harper, Ch.
We are of opinion, without entering into several very difficult and important questions raised in argument, that this case must be decided by that of Lenoir vs. Sylvester, 1 Bail. 632. In that case, the testator, by his will, gave his slaves to his wife for life, and after her death directed his executors to emancipate them. The testator died in 1808, and by the Act of the Assembly of 1800, (7 Stat. 442,) then governing the subject, the executors might have emancipated them by proceedings before magistrates and freeholders. But before the death of the wife, tenant for life, the Act of 1820 (7 Stat. 459,) was passed, by which it was forbidden to emancipate slaves but by the Act of the Legislature. It was held, that there was no vested right to freedom in the slaves, and as the act of emancipation had become unlawful when the executors were required to execute it, the devise was in this respect void, and a trust resulted for the next of kin. So in the case before us, it had become unlawful, by the provisions of the Act of 1841, (11 Stat. *66 154) for executors to carry slaves out of the State, with a view to their emancipation. By the will, the negroes were to remain slaves until, by hiring them out, a sufficient sum was raised to pay off the testator’s debts, and to defray the expenses of their transportation to a northern State, or to Liberia. But it appears from the evidence, and is admitted by the answer, that the testator’s debts are not yet paid off. In the mean time, between the death of the testator and the event in which they were to be emancipated, the Act of 1841 has intervened, rendering unlawful the act of the executors to be done for that purpose. The Act provides that every bequest directing slaves to be carried out of the State, with a view to their emancipation, shall be void. A trust must therefore result for the next of kin.
It would be harsh to send these slaves to a new and uncongenial residence, when, as it is understood, they very much prefer to remain in their present situation. With respect to the ground taken in argument, that though the bequest in favor of the slaves be void, yet, whether there be a valid disposition or not, the next of kin are expressly excluded by the terms of the will, it is enough to say, that the question has not been raised by any ground of appeal, and we do not perceive that the justice of the case requires the court to raise it of its own motion.
The decree is so far modified, as that after the testator’s debts shall have been paid, and the Legislature shall have refused to pass the Act of emancipation directed to be prayed for, the defendant deliver the slaves to the complainant, and account as directed by the circuit decree.
The whole court concurred.